IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,
Plaintiff,

v.

FREDIS CRUZ BONILLA,
Defendant.

CRIMINAL NO. 23-023 (ADC) &
25-311 (ADC)

PLEA AND FORFEITURE AGREEMENT

TO THE HONORABLE COURT:

The United States of America, Defendant, Fredis Cruz Bonilla, and Defendant's counsel, Joseph Niskar, Esq., pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state that they have reached a Plea and Forfeiture Agreement, the terms, and conditions of which are as follows:

1. **Charges to which Defendant will Plead Guilty**

The Defendant agrees to plead guilty to Count One of the Indictment in case 23-23(ADC) and Count One of the Information in case 25-311 (ADC).

**Count One of Indictment:**

Count One of Indictment charges that from on or about July 27, 2021 to on or about May 9, 2022, in the District of Puerto Rico and within the jurisdiction of this Court, Fredis Cruz Bonilla used a facility and means of interstate commerce, that is a cellular phone that was not manufactured in Puerto Rico, as well as internet instant messaging services, to knowingly persuade, induce, entice, and coerce an individual, and attempted to do so, who had not attained the age of eighteen, that is, a fifteen year old female minor, to engage in

sexual activity for which the defendant could be charged with a criminal offense under the laws of the United States of America and Puerto Rico. All in violation of Title 18, United States Code, Sections 2422(b)(2).

**Count One of Information:**

Count One of Information charges that on or about January 31, 2025, in the District of Puerto Rico and within the jurisdiction of this Court, Fredis Cruz Bonilla, aided and abetted by other persons, contrary to Title 28, Code of Federal Regulations, Sections 553.12 and 500.1(h), being an inmate of a prison, did knowingly and intentionally make, possess, or obtain, or attempted to make or obtain a prohibited object, that is: a mixture or a substance containing a detectable amount of Buprenorphine (Suboxone), a Schedule III Narcotic Controlled Substance while housed at the Metropolitan Detention Center in Guaynabo, Puerto Rico, which is a penal facility or prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the Attorney General. All in violation of Title 18 United States Code §§ 1791(a)(2), (b)(3) and 2.

**2.   Statutory Penalties**

The statutory penalties for the offense charged in Count One of the Indictment, that is, a violation of Title 18, United States Code, Section 2422(b)(2), are a term of imprisonment of not less than ten years up to life imprisonment pursuant to Title 18, United States Code, Section 2422(b)(2); a fine not to exceed two hundred and fifty thousand dollars pursuant to Title 18, United States Code, Section 3571(b)(3); a special monetary assessment of one hundred dollars per count of conviction, to be deposited in the Crime Victim Fund, pursuant to 18, United States Code, Section 3013(a)(2)(A); an additional special assessment of $5,000.00 per count on any non-indigent person, pursuant to 18, United States Code, Section

3014; and a supervised release term of at least five years up to life, pursuant to Title 18 U.S.C. § 3583(k).

The statutory penalties for the offense charged in Count One of the Information, that is a violation of Title 18 U.S.C. §§ 1791(a)(2), (b)(3) and 2, are a term of imprisonment of not more than five years pursuant to 18 U.S.C. §§ 1791(b)(3); a fine not to exceed two hundred and fifty thousand dollars pursuant to 18 U.S.C. § 3571(b)(3); a special monetary assessment of one hundred dollars per count of conviction; and a supervised release term of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

### 3. Sentence to be Determined by the Court

Defendant understands that the sentence to be imposed will be determined solely by the United States District Judge. The United States cannot make and has not made any promise or representation as to what sentence Defendant will receive. Any discussions that the parties might have had about possible sentences are not binding in any way on the Court, and do not constitute representations about what the parties will seek, or what the actual sentence will be.

### 4. Sentencing Guidelines Applicability

Defendant understands that the sentence will be imposed by the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which are advisory pursuant to the United States Supreme Court decision in *United States v. Booker*, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished, and that the imposition of Defendant's sentence may not be suspended.

5.  **Fines and Restitution**

The Court may, pursuant to Section 5E1.2 of the Guidelines order Defendant to pay a fine. The Court may also impose restitution. Defendant agrees to execute and make available, prior to sentencing, a standardized financial statement (OBD Form 500). The United States will advocate on behalf of any identified victim and comply with its obligations under the Mandatory Victim Restitution Act of 1996.

6.  **Recommended Sentencing Guidelines Calculations**

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit that the advisory Guidelines calculations listed below apply to Defendant. However, Defendant acknowledges that the Court is not required to accept those recommended Guidelines calculations.

| SENTENCING GUIDELINES CALCULATIONS | |
|---|---|
| COUNT ONE-18 U.S.C. § 2422(b)(2) | |
| Base Offense Level pursuant to U.S.S.G. §2G1.3(a)(3) | 28 |
| Defendant unduly influenced the minor to engage in prohibited sexual conduct pursuant to U.S.S.G. §2G1.3 (b)(2)(B) | +2 |
| Offense involved the use of a computer or an interactive computer device to persuade, induce, entice, coerce or facilitate the travel of the minor to engage in sexually explicit conduct pursuant to U.S.S.G. §2G1.3 (b)(3)(B) | +2 |
| Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1 | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | 29 |
| CH Cat. I | CH Cat. II | CH Cat. III | CH Cat. IV | CH Cat. V | CH Cat. VI |
| 87-108 | 97-121 | 108-135 | 121-151 | 140-175 | 151-188 |

| SENTENCING GUIDELINES CALCULATION<br>COUNTS ONE– 18 U.S.C. § 1791(a)(2) | | | | | |
|---|---|---|---|---|---|
| Base Offense Level pursuant to U.S.S.G. §2P1.2(a)(3) | | | | | 6 |
| Acceptance of Responsibility, U.S.S.G. § 3E1.1 | | | | | -2 |
| Total Offense Level | | | | | 4 |
| CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI |
| 0-6 | 0-6 | 0-6 | 2-8 | 4-10 | 6-12 |

7. **Sentence Recommendation**

After due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the parties will recommend a sentence of 120 months imprisonment as to Count One of the Indictment in Criminal No. 23-23 and 6 months of imprisonment as to Count One of the Information, to be served concurrently to each other, for a total combined sentence of 120 months of imprisonment, followed by a term of supervised release as mandated by law.

The parties agree that any recommendation by either party for a term of imprisonment below or above the stipulated sentence recommendation will constitute a material breach of the Plea Agreement.

8. **No Stipulation as to Criminal History Category**

The parties do not stipulate as to any Criminal History Category for the Defendant.

9. **Waiver of Appeal**

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 126 months or less, the Defendant waives the right to appeal any aspect of this case's judgment and sentence, including, but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of

supervised release.

### 10. No Further Adjustments or Departures

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variant sentence under 18 U.S.C. § 3553—other than any explicitly provided for in this Plea Agreement—shall be sought by Defendant. The parties agree that any request by Defendant for an adjustment or departure that is not explicitly provided for in this PleaAgreement will be considered a material breach of this Plea Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

### 11. Satisfaction with Counsel

Defendant is satisfied with counsel, Joseph Niskar, Esq., and asserts that counsel has rendered effective legal assistance.

### 12. Rights Surrendered by Defendant Through Guilty Plea

Defendant understands that by entering into this Plea Agreement, Defendant surrenders and waives certain rights as detailed in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States, and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convictDefendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to considereach charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

13. **Stipulation of Facts**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect. Defendant agrees and accepts that had the matter proceeded to trial, the United States would have proven those facts beyond a reasonable doubt.

14. **Dismissal of Remaining Counts**

At sentencing, should the Defendant comply with the terms of this Plea Agreement, the United States will move to dismiss the remaining counts of the operative Indictment pending against Defendant in this case.

### 15. Limitations of Plea Agreement

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

### 16. Entirety of Plea Agreement

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and denies the existence of any other terms and conditions not stated herein.

### 17. Amendments to Plea Agreement

No other promises, terms or conditions will be entered into between the parties unless they are in writing and signed by all parties.

### 18. Potential Impact Upon Conviction-Registration Requirement

Defendant acknowledges that by pleading guilty and entering into this plea agreement, Defendant will be required to register as a "Sex Offender" pursuant to the Sex Offender Registration and Notification Act ("SORNA" or "the Act"), which was enacted under Title I of the *Adam Walsh Child Protection and Safety Act of 2006* (P.L. 109-248), codified at Title 18, *United States Code*, Section 2250 and Title 34, *United States Code*, Section 20911-20915. As a registered Sex Offender, Defendant further understands that Defendant's status as a convicted sex offender, and related Information, will be made public. Defendant further acknowledges that Defendant may or may not be required to register for life.

19. **Potential Impact on Immigration Status**

Pursuant to Federal Rule of Criminal Procedure 11(b)(1)(O), Defendant hereby agrees and recognizes that if convicted, a Defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

20. **Felony Conviction**

Defendant hereby agrees and recognizes that the plea of guilty in this case will be recognized as a felony conviction, which will result in the loss of certain rights, including but not limited to the right to vote in a federal election, to serve as a juror, to hold public office, and to lawfully possess a firearm.

21. **Forfeiture Provision**

Defendant agrees to waive and forgo any interests or claims and to forfeit to the United States: (a) any visual depiction described in this Indictment or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in the commission of this offense; (b) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and (c) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property including but not limited to an Apple iPhone 11 64GB, Serial Number C6KZM8VJN72N or any cellular phone with corresponding SIM card seized from the defendant. All pursuant to Title 18, United States Code, Section 2428(a).

Defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Defendant agrees

to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise Defendant of this, pursuant to Rule 11(b)(1)(J), at the time Defendant's guilty plea is accepted.

Defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, giving rise to forfeiture and/or substitute assets for property otherwise subject to forfeiture.

Defendant, by agreeing to the forfeiture stated above, acknowledges that such forfeiture is not grossly disproportionate to the gravity of the offense conduct to which Defendant is pleading guilty. Defendant agrees that the forfeiture provisions of this Plea Agreement are intended to and will survive Defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors and assignees until the agreed forfeiture, including any agreed money judgment, is collected in full.

22. **Restitution Provision**

Defendant understands that there is mandatory restitution under 18 U.S.C. § 2429. Defendant agrees that any restitution ordered by the Court under 18 U.S.C. § 2429, the amount of restitution ordered by the Court shall include defendant's total offense conduct. Defendant agrees and understands that any payment schedule imposed by the Court is without prejudice to the United States to take all actions and take all remedies available to it to collect the full amount of the restitution. Defendant agrees that the restitution, restitution judgment, payment provisions, and collection actions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. Defendant further agrees that any restitution collected and/or distributed will survive him, notwithstanding the abatement of any underlying criminal conviction after execution of this agreement.

23. **Voluntariness of Plea Agreement**

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

24. **Breach and Waiver**

Defendant agrees that defendant will have breached this Plea Agreement if, after entering into this Plea Agreement, Defendant: (a) fails to perform or to fulfill completely each and every one of Defendant's obligations under this Plea Agreement; (b) engages in any criminal activity prior to sentencing; or (c) attempts to withdraw Defendant's guilty plea. In the event of such a breach, the United States will be free from its obligation under this Plea Agreement and Defendant will not have the right to withdraw the guilty plea.

Moreover, Defendant agrees that if Defendant is in breach of the Plea Agreement, Defendant is deemed to have waived any objection to the reinstatement of any charges under the Indictment, Information, or complaint which may have previously been dismissed or which may have not been previously prosecuted.

W. STEPHEN MULDROW
United States Attorney

_____
Jenifer Y. Hernández Vega
Chief, Child Exploitation and
Immigration Unit
Dated: 5/29/2025

_____
Daynelle Alvarez Lora
Child Exploitation & Immigration
Dated: 5/28/25

_____
Joseph Niskar, Esq.
Counsel for Defendant
Dated: 7/08/2025

_____
Fredis Cruz Bonilla
Defendant
Dated: 7/8/25

## UNDERSTANDING OF RIGHTS

I have consulted with counsel and fully understand all of my rights as to the charges pending against me. Further, I have consulted with my attorney and fully understand my rights as to the provisions of the Guidelines that may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the Plea Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 7/08/2025

Fredis Cruz Bonilla

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending charges. Further, I have reviewed the applicable provisions of the Guidelines and I have fully explained to Defendant the provisions of those Guidelines that may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the Plea Agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 7/08/2025

Joseph Niskar
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in these cases, Defendant Fredis Cruz Bonilla admits that he is guilty as charged in Count One of the Indictment in case 23-23 and in Count One of the Information in case 25-311, and admits the following:

From on or about July 27, 2021 to on or about May 9, 2022, in the District of Puerto Rico and within the jurisdiction of this Court, Fredis Cruz Bonilla used a facility and means of interstate commerce, that is a cellular phone that was not manufactured in Puerto Rico, as well as internet instant messaging services, to knowingly persuade, induce, entice, and coerce a fifteen year old female minor (herein after "FM"), to engage in sexual activity for which the defendant could be charged with a criminal offense under the laws of the United States of America and Puerto Rico.

On May 12, 2022, Homeland Security Investigations (HSI), Puerto Rico Crimes Against Children Task Force (PRCACTF), received information from an adult female (herein after "witness" who indicated that an adult male, whom she identified as Fredis Alexander Cruz-Bonilla who is 40 years old, had engaged in a sexually explicit communications with a female minor via the social media application Facebook Messenger. The witness was interviewed by HSI Agents/Task Force Officers. The witness brought defendant's iPhone and told agents that Cruz-Bonilla is the only user of the device. HSI agents retained the device, an Apple iPhone 11 64GB, for further investigation.

On June 3, 2022, a United States Magistrate Judge authorized a search warrant to search the Apple iPhone 11 64GB device. The device was not manufactured in Puerto Rico. A forensic analysis was conducted of the device which revealed a photo of an erect penis sent via Facebook Messenger from account https://www.facebook.com/machetecruz.cruz to FM's account and as sexually explicit Facebook Messenger communications between Cruz Bonilla and FM between July 27, 2021, and May 9, 2022.

The following are some of the messages sent by Cruz Bonilla to FM using his Apple iPhone:

   a. "soy un viejo pervertido y enfermo sexual" (I am an old sexually sick pervert).
   b. "con 13 años estas bien rica" (with 13 years old you are delicious).
   c. "solo debes dejarte llevar y tendras el mejor maestro en la cama" (you just have to let yourself go and you will have the best teacher in bed).
   d. "si aguantas a ver todo lo que te mande pa dentro" (if you hold to see everything, I send inside you).
   e. "nada mas bello y exotico verte fumando tirada en el mueble con ropita de victoria secret" (nothing more beautiful and exotic to see you smoking laying on the furniture in Victoria Secret clothes).
   f. "pasto y ropita sexy nunca te van faltar" (weed and sexy clothes you will never miss).
   g. "como los adultos se portan mal con bebitas como tu" (how adults behave badly with babies like you).

On August 1, 2022, an HSI Forensic Interview Specialist conducted a forensic interview of FM. During the interview FM confirmed she was 15 years old.

FM identified the profile picture of Facebook account MacheteCruz Cruz https://www.facebook.com/machetecruz.cruz as the profile that was communicating with her. FM recognized and confirmed that the picture of the erect penis was sent to her from such Facebook account via Messenger. MacheteCruz Cruz added her as a friend on Facebook and contacted her on Facebook Messenger because they had a Facebook friend in common. FM replied to the friend request because she wanted to leave her home and MacheteCruz Cruz told her that he could get her an apartment but that she would have to see him every day. Machete Cruz wanted to have sex with her. MacheteCruz told FM that he was very horny thinking of her. He called her on Facebook Messenger, but she did not respond. FM blocked him after he sent her a picture of his erect penis.

FM's testimony and a record verification confirmed that the profile picture and the Facebook account MacheteCruz belonged to defendant Fredis Cruz Bonilla.

Defendant Fredis Cruz Bonilla further acknowledges that on January 31, 2025, aided and abetted by other persons, contrary to Title 28, Code of Federal Regulations, Sections 553.12 and 500.1(h), being an inmate of a prison, he did knowingly and intentionally possess a prohibited object. Defendant possessed a mixture or a substance containing a detectable amount of Buprenorphine (Suboxone), a Schedule III Narcotic Controlled Substance at the visiting room while housed at the Metropolitan Detention Center in Guaynabo, Puerto Rico, which is a penal facility or prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the Attorney General.

Had this matter proceeded to trial, the United States would have presented evidence through the testimony of witnesses as well as physical and documentary evidence, which would have proven beyond a reasonable doubt Defendant's guilt. Discovery was timely made available to Defendant for review.

_____
Daynelle Alvarez Lora
Assistant U.S. Attorney
Dated: 5/20/25

_____
Joseph Niskar
Counsel for Defendant
Dated: 7/08/2025

_____
Fredis Cruz Bonilla
Defendant
Dated: 7/8/25