IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff,<br><br>v.<br><br>FREDIS CRUZ-BONILLA,<br>　　　Defendant. | CRIMINAL NO. 23-023 (ADC) &<br>　　　　　　　25-311 (ADC) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**RE: RULE 11(c)(1)(B) GUILTY PLEA HEARING**

**I.    Procedural Background**

On July 8, 2025, defendant Fredis Cruz-Bonilla was charged in an Information. He agrees to plead guilty to Count One of the indictment in case 23-023(ADC) and Count One of the Information in case 25-311(ADC).

Count One of indictment charges that from on or about July 27, 2021 to on or about May 9, 2022, in the District of Puerto Rico and within the jurisdiction of this Court, Fredis Cruz-Bonilla used a facility and means of interstate commerce, that is a cellular phone that was not manufactured in Puerto Rico, as well as internet instant messaging services, to knowingly persuade, induce, entice, and coerce an individual, and attempted to do so, who had not attained the age of eighteen, that is, a fifteen year old female minor, to engage in sexual activity for which the defendant could be charged with a criminal offense under the laws of the United States of America and Puerto Rico. All in violation of Title 18, United States Code, Sections 2422(b)(2).

Count One of Information charges that on or about January 31, 2025, in the District of Puerto Rico and within the jurisdiction of this Court, Fredis Cruz-Bonilla, aided and abetted by other persons, contrary to Title 28, Code of Federal Regulations, Sections 553.12 and 500.1(h), being an inmate of a prison, did knowingly and intentionally make, possess, or obtain, or attempted to make or obtain a prohibited object, that is: a mixture or a substance containing a detectable amount of Buprenorphine (Suboxone), a Schedule III Narcotic Controlled Substance while housed at the Metropolitan Detention Center in Guaynabo, Puerto Rico, which is a penal facility or prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the Attorney General. All in violation of Title 18 United States Code §§ 1791(a)(2), (b)(3) and 2.

USA v. Fredis Cruz-Bonilla,  Page 2
Cr. 25-023 (ADC) & 25-311 (ADC)
REPORT AND RECOMMENDATION ON GUILTY PLEA

Defendant appeared before me, assisted by the court interpreter, on July 8, 2025, because the Rule 11 hearing was referred by the court. See United States v. Woodard, 387 F.3d 1329 (11th Cir. 2004) (magistrate judge had authority to conduct Rule 11 guilty plea hearing with consent of defendant). He was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful lest he subject himself to possible charges of perjury or making a false statement.

## II.     Consent to Proceed Before a Magistrate Judge

Defendant was provided with a Waiver of Right to Trial by Jury form, which he signed.[1] He was advised of his right to hold all proceedings, including the change of plea hearing, before a district court judge. He received an explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge. He was informed that if he elects to proceed before a magistrate judge, then the magistrate judge will conduct the hearing and prepare a report and recommendation, subject to review and approval of the district judge. The defendant then voluntarily consented to proceed before a magistrate judge.

## III.    Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States v. Hernandez-Wilson, 186 F.3d 1, 5 (1st Cir. 1999). "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

consequences of the guilty plea. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F2d 1237, 1244 (1st Cir. 1991)).

### A. Competence to Enter a Guilty Plea

This magistrate judge questioned the defendant about his age, education, employment, history of any treatment for mental illness or addiction, use of any medication, drugs, or alcohol, and his understanding of the purpose of the hearing, all in order to ascertain his capacity to understand, answer and comprehend the change of plea colloquy. The court confirmed that the defendant received the Information and fully discussed the charge with his attorney and was satisfied with the advice and representation he received. The court further inquired whether defendant's counsel or counsel for the government had any doubt as to his capacity to plead, receiving answers from both that the defendant was competent to enter a plea. After considering the defendant's responses, and observing his demeanor, a finding was made that Mr. Cruz-Bonilla was competent to plead and fully aware of the purpose of the hearing.

### B. Maximum Penalties

Upon questioning, the defendant expressed his understanding of the maximum penalties prescribed by statute for the offense to which he was pleading guilty, namely Count One in case 23-023(ADC): a term of imprisonment of not less than 10 years up to life imprisonment, a fine of not more than $250,000, and a supervised release term of not less than 5 years up to life, in addition to any term of incarceration.

As to case 25-311(ADC), the penalties are a term of imprisonment of not more than 5 years, a fine not to exceed $250,000, a special monetary assessment of 100 dollars per count of conviction, and a supervised release term of not more than 3 years. The defendant also understood that a Special Monetary Assessment of $200.00 would be imposed, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a) and an additional special assessment of $5,000 per count on any non-indigent person. The court explained the nature of supervised release and the consequences of revocation. The defendant indicated that he understood

the maximum penalties for Count One of the indictment in case 23-023(ADC) and Count One of the Information in case 25-311(ADC) and the potential consequences of the guilty plea.

### C. Plea Agreement

Mr. Cruz-Bonilla was shown his plea agreement, and the plea agreement supplement, which are part of the record, and identified his initials and signatures. He confirmed that he had the opportunity to read and discuss the plea agreement with his attorney before he signed it, that it represented the entirety of his understanding with the government, that he understood its terms, and that no one had made any other or different promises or assurances to induce him to plead guilty.

The defendant was then admonished, pursuant to Fed. R. Crim. P. 11(c)(1)(B) and expressed his understanding that the terms of the plea agreement are merely recommendations to the court, and that the district judge who will preside over the sentencing hearing can reject the recommendation without permitting the defendant to withdraw his guilty plea and impose a sentence that is more severe than the defendant might anticipate. The defendant was specifically informed that the court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate in the plea agreement or provided by his attorney, and that the court had the authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines. The defendant was advised, and understood, that the Sentencing Guidelines are no longer mandatory and are thus considered advisory, and that during sentencing the court will consider the sentencing criteria found at Title 18, United States Code, Section 3553(a).

The defendant was advised that under some circumstances he or the government may have the right to appeal the sentence the court imposes, but that pursuant to the plea agreement the defendant will waive his right to appeal both his sentence and his conviction if the court adopts the plea agreement and sentences him according to its terms and conditions.

### D.     Waiver of Constitutional Rights

The defendant was specifically advised that he has the right to persist in a plea of not guilty, and if he does so persist that he has the right to a speedy and public trial by jury, or trial before a judge sitting without a jury if the court and the government so agree; that at trial he would be presumed innocent and the government would have to prove his guilt beyond a reasonable doubt; that he would have the right to the assistance of counsel for his defense, and if he could not afford an attorney the court would appoint one to represent his throughout all stages of the proceedings; that at trial he would have the right to hear and cross examine the government's witnesses, the right to decline to testify unless he voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify. He was further informed that if he decided not to testify or put on evidence at trial, the failure to do so could not be used against him, and that at trial the jury must return a unanimous verdict before he could be found guilty or not guilty.

The defendant specifically acknowledged understanding these rights and understanding that by entering a plea of guilty there would be no trial and he will be waiving or giving up the rights that the court explained.

The defendant was informed that parole has been abolished and that any sentence of imprisonment must be served, and that his guilty plea may result in loss of important civil rights, such as the right to vote, to hold public office, to serve on a jury, and to possess a firearm. The defendant confirmed that he understood these consequences of the guilty plea.

### E.     Factual Basis for the Guilty Plea

Defendant was read in open court Count One of the indictment in case 23-023(ADC) and Count One of the Information in case 25-311(ADC) and provided an explanation of the elements of the offense. The meaning of terms used in the Information was explained.

Upon questioning, the defendant admitted to facts constituting all of the elements of the offense charged in Count One of the indictment in case 23-023(ADC) and Count One of the

Information in case 25-311(ADC) and that the evidence the government had available to establish, in the event defendant elected to go to trial, the defendant's guilt beyond a reasonable doubt.

### F. Voluntariness

The defendant indicated that he was not being induced to plead guilty but was entering such a plea freely and voluntarily because in fact he is guilty, and that no one had threatened him or offered a thing of value in exchange for his plea. He acknowledged that no one had made any different or other promises in exchange for his guilty plea, other than the recommendations set forth in the plea agreement. Throughout the hearing the defendant was able to consult with his attorney.

## IV. Conclusion

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and entered a plea of guilty as to Count One of the indictment in case 23-023(ADC) and Count One of the Information in case 25-311(ADC).

After cautioning and examining the defendant under oath and in open court concerning each of the subject matters mentioned in Rule 11, I find that the defendant, Fredis Cruz-Bonilla is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that it carries, understands that the charge is supported by evidence and a basis in fact, has admitted to the elements of the offense, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea and that the defendant be adjudged guilty as to Count One of the indictment in case 23-023(ADC) and Count One of the Information in case 25-311(ADC).

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

Case 3:25-cr-00311-ADC    Document 10    Filed 08/01/25    Page 7 of 7

USA v. Fredis Cruz-Bonilla,                                                                Page 7
Cr. 25-023 (ADC) & 25-311 (ADC)
REPORT AND RECOMMENDATION ON GUILTY PLEA

**A sentencing hearing will be set by the Presiding Judge Aida M. Delgado-Colon.**

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico, this 8th day of July 2025.

*s/Marshal D. Morgan*
MARSHAL D. MORGAN
United States Magistrate Judge